

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 27, 1967

Hon. Marie Hudson Winters
Firemen's Pension Commissioner
Sam Houston Building
Austin, Texas  78701

Opinion No. M- 162

Re:  Whether a fireman drawing
disability benefits either
under Section 7 (service
connected disability) or
Section 7A (off duty cover-
age) of Article 6243e,
Vernon's Civil Statutes,
for a period of time before
thereafter returning to the
fire department and who later
resigns and requests a refund
of his contributions is en-
titled to be refunded all
of the money he has con-
tributed and receive dis-
ability benefits also; and
related question.

Dear Mrs. Winters:

You have requested the opinion of this office on the
above question, together with another question which will be set
forth in the body of the opinion.  In connection with the answer
to your first question, it is necessary to quote portions of Sec-
tion 10A, and Section 10D, Article 6243e, Vernon's Civil Statutes.
Section 10A applies to cities of less than 185,000 inhabitants,
while Section 10D applies to cities having 185,000 inhabitants
but less than 225,000:

"Sec. 10A. . . .

"  . . .

"(f)  In the event a fireman terminates,
resigns, or leaves the active full-time serv-
ice of the fire department for any reason
other than those for which pension benefits
will accrue, and before he receives his

-757-

twenty (20) year pension certificate not
having completed twenty (20) years of active
full-time service in the city's fire depart-
ment, he shall receive an amount equal to the
sum total of his monthly payments made while
a participating member in the Firemen's Re-
lief and Retirement Fund. . . ."

"Sec. 10D. . . .

"  . . .

"(e) The severance benefits of a fire-
man who subsequently terminates his employ-
ment before he is eligible for retirement
shall be an amount equal to the sum total
of his monthly contributions made while a
participating member of the Firemen's Relief
and Retirement Fund. . . ."

The above mentioned statutes are the only ones which
authorize the return of paid-in pension contributions. This
office has previously had occasion to interpret Section 10A (f),
supra. Attorney General's Opinions C-153 (1963) and C-572 (1965).
It has been consistently held that a fireman who terminates, re-
signs or leaves the active full-time service of a fire depart-
ment for any reason other than those for which pension benefits
will accrue, is entitled to reimbursement of all monthly payments
made by him. The statutes make no provision for any exception
to this order of repayment. Further, no gratuity is involved in
making a refund of contributions when a fireman terminates after
a period of disability. City of Orange vs. Chance, 325 S.W.2d
839 (Tex.Civ.App. 1959, no writ).

In answer to your first question, therefore, you are
advised that it is the opinion of this office that it is im-
material whether a fireman draws disability benefits for some
period prior to his return to active service and subsequent
separation from the fire department. His refund of paid-in
contributions is due him under the aforesaid Section 10A(f) or
Section 10D(e), Article 6243e, provided his city fits within
the population brackets established in those statutes.

With reference to your second question, we quote the
following from Article 6243e:

"Sec. 6A. Any fireman who is a member
of a 'full paid' fire department and who
shall be entitled to be retired under the

provisions of Section 6 of this Act, and who shall retire under Section 6 or Section 7 or Section 7A with additional time of service and of participation in a Fund after the date upon which he became entitled to be retired or with more than twenty-five (25) years of service and of participation in a Fund, shall be entitled to be paid from the Firemen's Relief and Retirement Fund of the city or town in which he last served, in addition to any other benefits provided by this Act, an additional monthly pension allowance which shall be computed as follows:  the sum of Four Dollars ($4) per month shall be allowed for each full year of service and of participation in a Fund after the date upon which such fireman shall have become entitled to be retired under Section 6, or after the date upon which such fireman shall have completed twenty-five (25) years of service and of participation in a Fund, whichever date shall first occur; provided, however, that such additional pension allowance shall not exceed the sum of Fifty-six Dollars ($56) per month."

"Sec. 7A.  Whenever a person serving as an active fireman duly enrolled in any regularly active fire department in any city or town in the State having a population of less than five hundred thousand (500,000) according to the last preceding Federal Census, which city or town is now within or may hereafter come within the provisions of this Act, shall die or become disabled from any cause other than a disability acquired in the performance of his duty as a fireman, a pension allowance shall be paid to the widow or fireman.  The monthly pension allowance shall be computed as follows:  five per cent (5%) of the total amount the individual fireman or widow would have been entitled to receive under Section 7 or Section 12 had such death or disability occurred as the result of such fireman's being

incapacitated or killed while in and/or in consequence of the performance of his duty as a fireman shall be allowed for each year of participation in the relief and retirement fund, provided that such allowance shall not be computed on the basis of more than twenty (20) years. In no event, however, shall such fireman or widow receive an amount less than Fifty Dollars ($50) per month. If such fireman be a volunteer fireman and thereby receiving no salary, the amount so ordered paid, if all of the other conditions have been met, shall be not less than Twelve Dollars and Fifty Cents ($12.50) per month." (Emphasis added).

In connection with the above quoted statutory provisions, you ask this office the following question:

"In your opinion does this mean a claimant is entitled to benefits computed only on a full year of participation or in the event portions of years are involved - such as six months or 11 months should the benefits be computed on 6/12ths of a year and 11/12ths of a year for this portion which is not a full year."

It is the opinion of this office that the underlined portions of the above quoted statutory provisions clearly establish one year of service as the basis for each increment of disability or retirement benefit. The statutes make no provision for any basis of calculation other than a full year. Thus, a proration based upon a day, a week, or a month's service would have no support in the statutes.

## S U M M A R Y

A fireman in cities affected by Sections 10A(f) or Section 10B(e), Article 6243e, Vernon's Civil Statutes, is entitled to a refund of paid-in contributions to the retirement fund upon his separation from the fire department, notwithstanding some prior payment of disability benefits.

Sections 6A and 7A of Article 6243e, provide that the amount of retirement or disability benefits will be computed on a yearly basis of service and not monthly, weekly or daily.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
David Longoria
Ralph Rash
John Banks

A. J. CARUBBI, JR.
Staff Legal Assistant